UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK CANADY,

                                                                                                     <u>DECISION AND ORDER</u>

                              Plaintiff,

                                                                                                     20-CV-6575L

                  v.

UNION 1199/SEIU, et al.,

                              Defendants.
_____


       Plaintiff Mark Canady filed the complaint in this action *pro se* on August 6, 2020. Defendants are Union 1199/SEIU ("Union") and U of R/Medical Center Strong Memorial Hospital ("Hospital"). Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").

       The Union and the Hospital, which are represented by separate counsel, have each moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed two motions seeking various relief. (Dkt. #10, #15.) Defendants' motions are granted, and plaintiff's motions are denied.

       The law is well established that a plaintiff asserting claims under Title VII must do so within 90 days after receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1); *Wilson-Richardson v. Regional Transit Serv., Inc.*, 948 F.Supp2d 300, 304 (W.D.N.Y. 2013). "The 90–day period is strictly enforced, and cannot be extended 'by even one day.'" *Hughes v. Elmira Coll.*, 584 F.Supp.2d 588, 589

(W.D.N.Y. 2008) (quoting *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)) (additional internal quote and citation omitted).

Here, the EEOC sent plaintiff a right-to-sue letter dated January 24, 2020. (Dkt. #5-3 at 20.) Plaintiff therefore had until April 23, 2020 to file a complaint in federal court. He did not do so, but instead waited until August 6, 2020, 195 days after the issuance of the right-to-sue letter, to bring this action.[1] The action must therefore be dismissed as untimely.

That renders it unnecessary for the Court to address the merits of plaintiff's claims, but I note that even if his claims were not time-barred, plaintiff's complaint would be subject to dismissal.

The complaint alleges various ways in which plaintiff believes he was wronged in the course of his employment with the Hospital, but aside from a reference to Title VII and the words "Retaliation/Discrimination," *see* Complaint at 1, there is no plausible factual basis for such a claim. Plaintiff does not allege that he falls into any protected category under Title VII, or that he engaged in protected activity.

It appears from some of plaintiff's other cases in this Court (which are discussed below) that he is African American, but simply falling into a protected category is not enough. If it were, literally everyone aggrieved by anything that occurs in the workplace could state a facially valid claim, since every person falls into certain categories relating to race, gender, etc. That is not the law. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain

---

[1] The Hospital has submitted a copy of the right-to-sue letter. The Court may take judicial notice of EEOC documents, including and right-to-sue notices, because they are public records. *See Murtha v. New York State Gaming Comm'n*, No. 17 Civ. 10040, 2019 WL 4450687, at *15 (S.D.N.Y. Sept. 17, 2019; *accord Falcon v. City Univ. of N.Y.*, 263 F.Supp.3d 416, 424 (E.D.N.Y. 2017).

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff has filed two motions. The first seeks an extension of time, stating that he "need[s] to Amend the case for retailiation [sic] in violation of Title 7," because he "was terminated 10/16/20 in connection to [this] case." (Dkt. #10.) Because plaintiff has since filed a motion for leave to amend (Dkt. #15), his motion for an extension of time is denied as moot.

The motion to amend is also denied. Documents attached to the motion indicate that plaintiff was terminated on October 16, 2020 for issues related to his work performance. It also appears that plaintiff has a history of misconduct and performance deficiencies dating back to 2019. *See* Dkt. #15 at 17-22.

In addition, the docket sheet in this action shows that summonses were not issued as to the Hospital and the Union until October 21, 2020, five days *after* plaintiff's termination, and were returned executed the following month. Plaintiff has alleged no facts indicating that defendants were aware of this lawsuit on the date of his termination, or plausibly suggesting that retaliatory motives had anything to due with his discharge.

As mentioned, this is not plaintiff's first or most recent lawsuit in this Court. On May 22, 2017, the Court issued a Decision and Order in three cases brought by plaintiff against the Hospital and the Union.[2] Although they arose out of different sets of facts, in all three cases plaintiff asserted claims of discrimination and retaliation similar to those presented here. The Court granted summary judgment for defendants dismissing the actions. Plaintiff appealed, and

---

[2] The civil action numbers of the cases are 13-CV-6290, 14-CV-6246, and 15-CV-6285.

this Court's decision was affirmed by the Court of Appeals in 2018. The Court of Appeals also assessed costs in favor of the Union in the amount of $161.65. *See* 13-CV-6290 Dkt. #78, #79.

In addition, on March 8 of this year, plaintiff filed yet another action (21-CV-6223) against the Hospital and the Union, containing still more allegations of discrimination and retaliation, relating in part to his termination. Issue has not yet been joined in that action, in which plaintiff's application for leave to proceed *in forma pauperis* is currently under review by the Court.

At this stage, the Court expresses no opinion on the merits of plaintiff's latest action, but I caution plaintiff that if he persists in filing baseless claims, he could be sanctioned under Rule 11 or this Court's inherent power, *see Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333-35 (2d Cir.1999). The Court could also enter an order barring the acceptance of any future *in forma pauperis* complaints from plaintiff if he does not first obtain leave of the Court to file such complaints, *see McCrackent v. R.E. Ginna Nuclear Power Plant, LLC*, No. 08-CV-6217, 2010 WL 1404115, at *5 (W.D.N.Y. Mar. 31, 2010).

## CONCLUSION

The motions to dismiss by defendant U of R/Medical Center Strong Memorial Hospital (Dkt. #5) and by defendant Union 1199/SEIU (Dkt. #7) are granted, and the complaint is dismissed with prejudice.

Plaintiff's motion for leave to file an amended complaint (Dkt. #15) is denied. Plaintiff's motion for an extension of time (Dk. #10) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 22, 2021.